IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GUILLERMO VELA,

        **Plaintiff,**

        v.                                                                                                 CASE NO. 24-3200-JWL

TREVOR FEE, et al.,

        **Defendants.**

## MEMORANDUM AND ORDER

        Plaintiff Guillermo Vela, a state inmate currently housed at the Lansing Correctional Facility (LCF) in Lansing, Kansas, brought this pro se civil rights action under 42 U.S.C. § 1983. (Doc. 1.) The Court received the complaint on November 14, 2024. The following day, the Court issued a notice of deficiency (NOD) informing Plaintiff that although he had submitted a motion to proceed in forma pauperis (Doc. 2), he had failed to submit the required certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint. (Doc. 3.) The NOD directed Plaintiff to submit the account statement on or before December 16, 2024. *Id.* It further advised Plaintiff that if he "fail[ed] to comply within the prescribed time, . . . this action may be dismissed without further notice for failure to comply with this court order." *Id.* at 1-2.

        On November 19, 2024, the Court received a letter from LCF Corrections Counselor C. Russo that stated Plaintiff "is currently considered indigent status as he has no available funds in his inmate banking account." (Doc. 4.) The same day, the clerk's office of this Court sent Plaintiff a memorandum explaining that Plaintiff remained obligated to "submit a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts."[1] The memorandum further advised that the deadline for compliance remained

---

[1] The memorandum is attached to this order.

1

December 16, 2024 and that if Plaintiff was unable to comply "by that date, you may file a motion for extension of time with the court requesting additional time to submit the inmate account statement."

The December 16, 2024 deadline has passed and Plaintiff has not filed anything further in this matter. Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Because Plaintiff has failed to comply with the NOD, the Court concludes that this matter should be dismissed without prejudice under Rule 41(b).

**IT IS THEREFORE ORDERED THAT** the motion to proceed in forma pauperis (Doc. 2) is **denied** and this matter is **dismissed without prejudice** under Fed. R. Civ. P. 41(b) for failure to comply with a court order.

**IT IS SO ORDERED**.

Dated on this 30th day of December, 2024, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
